**QI WEN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2203–ag.**

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Civil Division; M. Jocelyn Lopez Wright, Asst. Director; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Wen Chen, a citizen of the People's Republic of China, seeks review of a May 4, 2007 order of the BIA affirming the November 1, 2005 decision of Im-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as the respondent in this case.

migration Judge ("IJ") Elizabeth A. Lamb denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Wen Chen*, No. A 78 855 713 (B.I.A. May 4, 2007), *aff'g* No. A 78 855 713 (Immig. Ct. N.Y. City, Nov. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, in addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Chen failed to raise before the BIA his argument that the IJ erred by requiring him to submit evidence corroborating his claim that the Chinese authorities intend to arrest him, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

In addition, the government is correct that in his brief to this Court, Chen does not sufficiently address his claim that he established eligibility for relief under the CAT. Indeed, his brief contains only one conclusory sentence regarding that application. Accordingly, we deem abandoned any challenge to the agency's denial of that claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (finding an issue waived where the applicant only "devotes a single conclusory sentence to the argument").

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (quoting *Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007)). The Court reviews de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales*, 331 F.3d at 307. However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ The record supports the IJ's determination that Chen failed to establish eligibility for asylum. The incident upon which he based his claim of past persecution consisted of being taken to the police station, where he was asked to stop practicing Falun Gong and warned that he would be punished if he continued to do so. Chen does not allege that he was beaten or otherwise mistreated during that detention. *Cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006). Accordingly, the IJ reasonably found that, under these circumstances, Chen failed to demonstrate past persecution. *See Matter of Acosta*, 19 I. & N. Dec. 211, 216, 222 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," inflicted by the government of a country or by persons or an organization that the government is unable or unwilling to control); *See* also

*Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment").

 Additionally, the record supports the IJ's finding that Chen failed to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1101(a)(42). The IJ properly found that Chen did not have an objectively reasonable fear of future harm based on being a Falun Gong practitioner, where he testified that he would not practice Falun Gong if he returned to China. In addition, the IJ reasonably concluded that Chen had failed to meet his burden of proving that, upon return to China, he would be persecuted on the basis of an imputed practice of Falun Gong. Although Chen indicated that his mother informed him that the police are looking for him, the IJ found that Chen failed to corroborate this assertion. Because Chen failed to exhaust his argument that the IJ erred by requiring such corroboration, we decline to review this issue. Moreover, the IJ properly inferred from the fact that the authorities released Chen in November 2001 after he promised to stop practicing Falun Gong that they are not currently seeking to persecute him. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007) (providing that "[s]o long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding").

Thus, even if, as Chen argues, there is a pattern or practice in China of persecuting Falun Gong practitioners, the record does not reflect that Chen would be persecuted where he no longer practices Falun Gong and he failed to demonstrate that the authorities intend to persecute him for his past practice. These circumstances would not compel a reasonable adjudicator to find that Chen had established a well-founded fear of persecution for being a former Falun Gong practitioner. *See* 8 U.S.C. § 1252(b)(4)(B).

Given that the record supports the IJ's finding that Chen failed to meet his burden of proving eligibility for asylum, this Court need not reach the issue of whether the IJ's adverse credibility determination was supported by substantial evidence. Further, because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).